UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-467-FDW

| RICKY A. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the parties' cross motions for summary judgment. On October 2, 2015, Plaintiff Ricky A. Thomas filed his complaint against Defendant Commissioner seeking judicial review of Defendant's denial of his application for Social Security Period of Disability, Disability Insurance, and Supplemental Security Income benefits. (Doc. No. 1). Plaintiff then filed his Motion for Summary Judgment on February 8, 2016 (Doc. No. 11). On April 7, 2016, Defendant also moved for Summary Judgment. (Doc. No. 13). As explained below, Plaintiff's Motion is GRANTED in part and Defendant's Motion is DENIED.

I. BACKGROUND

On January 5, 2012, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. (Doc. No. 10-9, p. 2). Plaintiff alleges a period of disability beginning on September 1, 2011. Id. Plaintiff alleges that he was disabled by "pain in legs, shoulder, knees, calves." (Doc. No. 10-10, p. 364). Plaintiff's applications were initially denied on April 2, 2012, and also denied on July 27, 2012, on reconsideration. (Doc. No. 10-7, pp. 153, 164, 178, 189).

1

Plaintiff timely filed a request for hearing. (Doc. No. 10-8, p. 230). On November 18, 2013, Administrative Law Judge ("ALJ") Richard E. Guida conducted a hearing from Charlotte, North Carolina. (Doc. No. 10-6, p. 114). The ALJ denied Plaintiff's claim in a written decision dated January 2, 2014, in which he concluded that, pursuant to the sequential evaluation process, Plaintiff was not disabled within meaning of the Social Security Act. (Doc. No. 10-7 pp. 196-208). Plaintiff requested a review of the hearing on March 3, 2014. (Doc. No. 10-6, p. 111). His request was denied by the Appeals Council on August 5, 2015. (Doc. No. 10-3, pp. 2-3).

Plaintiff filed the present action on October 2, 2015, (Doc. No. 1, pp. 1-3), and the parties' motions for summary judgment are now ripe for review pursuant to 42 U.S.C. § 405 (g).

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Rather, this Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal citations omitted).

The Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit defined "substantial evidence" as "'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th

2

Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that a reviewing court does not reweigh the evidence, nor substitute its judgment for that of the Commissioner, so long as the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. ANALYSIS

Plaintiff in this case argues that the ALJ erred in three ways: (1) the ALJ failed to perform a function-by-function analysis of the nonexertional mental functions associated with Plaintiff's mental impairments; (2) the ALJ did not sufficiently explain the basis for his Residual Functional Capacity ("RFC") finding; and (3) the ALJ did not sufficiently explain and support his determination that Plaintiff was not fully credible.

Plaintiff argues as his second assignment of error that the Fourth Circuit's decision in Mascio v.Colvin[1] requires remand, in part, because "the ALJ did not explain why limitations contained in a medical opinion he gave significant weight were not included in the RFC finding." (Doc. No. 12, p. 15). Specifically, Plaintiff asserts that, while the ALJ purportedly gave great weight to the findings of Dr. Vincent Hillman, who opined that Plaintiff would have "impediments with overhead work," that "impediment" is not reflected in the RFC. Rather, the ALJ determined

---

[1] 780 F.3d 632 (4th Cir. 2015).

3

that Plaintiff could perform "light work," which includes "some pushing and pulling of arm or leg controls." Plaintiff therefore argues that at Step 4, the RFC does not reflect or account for all Plaintiff's physical limitations. Plaintiff further noted that "frequent" reaching required by all three occupations identified by the vocational expert (VE) at Step 5 also conflicted with Dr. Hillman's opinion that Plaintiff would have "impediments with overhead work."

In Mascio, the Fourth Circuit "agree[d] with the Second Circuit that "'[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review. 780 F.3d 632, 636 (4th Cir. 2015). More recently, in Monroe v. Colvin, the Fourth Circuit rearticulated two related concepts. First, an ALJ may not merely cite to medical evidence, but "'must build an accurate and logical bridge from the evidence to his conclusion." Second, pursuant to SSR 96-8p, "'In all cases in which symptoms, such as pain, are alleged, the RFC assessment must . . . [i]nclude a resolution of any inconsistencies in the evidence as a whole' and '[s]et forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.'" No. 15-1098, slip op. (4th Cir. June 16, 2016) (citing SRR 96-8p, 61 Fed. Reg. 34,474, 34478 (Jul. 2, 1996).

Applying these legal principals to the record now before the Court, the undersigned concludes that this matter should be remanded. The Court first notes that Mascio was decided over fourteen months *after* the ALJ signed his decision and some sixteen months after the ALJ conducted the hearing. Thus, the ALJ acted without the benefit of Mascio's guidance when calculating Plaintiff's RFC and documenting his analysis. Despite this, when conducting his RFC analysis, the ALJ limited Plaintiff to "light work" but also limited Plaintiff to "never climb ladders, ropes, or scaffolds." (Doc. No. 10-7, p. 201). Thus, the Court further notes that this may have

4

been intended to account for Dr. Hillman's indication that Plaintiff" would have impediments with overhead work." Last, the Court notes that an "impediment" to "overhead work" may not limit Plaintiff's ability to either sometimes push or pull with his arms, as required by the statutory definition of "light work," or to frequently reach, as required by the three occupations the vocational expert identified.

However, the ALJ here neglected to include any reference to or limitation consistent with an impediment to overhead work, or to explain why any such limitation was unnecessary. Defendant argues that it was sufficient that the ALJ also gave great weight to and adopted the opinions of two other physicians who, together, did not note a similar limitation. However, the Court finds that this only highlights the inconsistency. Thus, as in Monroe, the ALJ failed to resolve an inconsistency in the evidence and among the physicians whose opinions he afforded great weight, or at a minimum, failed to build a bridge between the evidence and his conclusion. As forbidden by Mascio, the Court is "left to guess" at how the ALJ reached his conclusion. It is, at best, unclear whether the exertional limitations[2] propounded by the ALJ are sufficient, in whole or in part, to account for an impediment with overhead work.

The court agrees that the ALJ did not sufficiently explain the basis for his RFC because the ALJ failed to assess Plaintiff's capacity to perform relevant functions, despite contradictory evidence and without explanation. On remand, the ALJ can clarify how the limitations employed in the RFC assessment satisfy Mascio's requirements. In light of remand on this issue, the Court declines to address Plaintiff's other assignments of error.

---

[2] Specifically, work that includes only occasional postural movements except for never climbing ladders, ropes, or scaffolds.

5

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that, pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing Defendant's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), the Court hereby remands this case to Defendant, for further administrative proceedings and development. See <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991); <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

**IT IS SO ORDERED.**

Signed: July 20, 2016

Frank D. Whitney
Chief United States District Judge